IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LASANAH MADISON MASSAQUOI, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CIVIL ACTION NO. 11-255 |
| | § |
| ERIC H. HOLDER, JR., *et al.*, | § |
| | § |
| Respondents. | § |

**MEMORANDUM AND ORDER**

Lasanah Madison Massaquoi, a Liberian citizen, petitioned for a writ of habeas corpus on January 13, 2011. (Docket Entry No. 1). The respondents are Attorney General Eric H. Holder, Jr., Secretary of the Department of Homeland Security Janet Napolitano, and United States Immigration and Customs Enforcement Field Office Director Kenneth Landgrebe. The respondents moved to dismiss or for summary judgment on the petition under Rules 12(b)(1), 12(b)(2), 12(b)(6), and 56. (Docket Entry No. 9). Massaquoi responded. (Docket Entry No. 12). Based on the record, the motion and response, and the relevant law, the motion for summary judgment is granted and the petition for writ of habeas corpus is denied. The reasons are explained below.

**I.     Background**

Massaquoi is a Liberian citizen. He was admitted to the United States as a refugee under 8 U.S.C. § 1157 on February 11, 2009. Since arriving in the United States, courts in Minnesota and Texas have convicted him of crimes. (*See* Docket Entry No. 11, Ex. 2). His convictions include controlled substance offenses under 8 U.S.C. § 1182(a)(2)(A)(I)(i). Massaquoi received a Notice to Appear charging him with being removable from the United States under 8 U.S.C.

§ 1227(a)(2)(B)(i). (*Id.*, Ex. 4). Section 1227(a)(2)(B)(i) allows, with some restrictions, removal of "[a]ny alien who at any time after admission has been convincted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance," unless the conviction is for personal use of 30 grams or less of marijuana. An immigration judge issued an order of removal on July 8, 2010. (*Id.*, Ex. 5).

On November 9, Massaquoi filed an Application to Register Permanent Residence or Adjust Status to become a lawful permanent resident under 8 U.S.C. § 1159. (*Id.*, Ex. 7). The application was denied the next day because of his controlled substance convictions. (*Id.*, Ex. 8); *see also* 8 U.S.C. § 1182(a)(2)(A)(I)(i) (providing that unless a statutory exception applies "any alien convicted of . . . . a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . is inadmissible"). The notice informed Massaquoi that he could renew his request during removal proceedings. (*Id.*). On December 9, 2010, the immigration judge terminated the removal proceedings. (*Id.*, Ex. 9). The government reinitiated removal proceedings December 17, 2010. (*Id.*, Ex. 10). Massaquoi filed his petition for writ of habeas corpus on January 13, 2011. (Docket Entry No. 1). On February 14, 2011, the immigration judge ordered Massaquoi removed. (Docket Entry No. 9, Ex. 11). The order allowed Massaquoi until March 16, 2011 to appeal, at which point the order would become final under 8 U.S.C. § 1101(a)(47)(B)(ii).[1] (*See id.*). Massaquoi did not appeal.

The respondents contend that Massaquoi's petition for habeas corpus is premature because he has been detained for less than six months since his last order of removal, making him ineligible for habeas relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001); he has not exhausted his

---

[1] *See also* 8 C.F.R. §§ 1003.38(b), 1003.39, 1240.14.

administrative remedies; and the the respondents do not have custody of him. (Docket Entry No. 9). Massaquoi does not dispute the date of his last removal order, but he contends that the relevant incarceration period runs from July 8, 2010, the date of his first final removal order. (Docket Entry No. 12). These arguments are analyzed below.

### III.   Analysis

This court cannot grant habeas relief. Massaquoi's most recent removal order was entered on March 16, 2011. Section 1231 generally requires the government to deport an alien within 90 days of a removal order, known as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) . . . ." *Id.* § 1231(a)(2). Detaining the alien for up to 90 days to allow removal is not discretionary. "After entry of a final removal order and during the 90-day removal period, . . . aliens *must* be held in custody." *Zadvydas*, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)) (emphasis added); *see also id.* at 698 (noting that § 1231(a)(2) "require[s]" detention during the removal period (emphasis removed)); *Cruz-Ortiz v. Gonzales*, 221 F. App'x 531, 531 (9th Cir. 2007) (memorandum) (unpublished) ("The Supreme Court has explained that 8 U.S.C. § 1231(a)(2) requires . . . detention . . . ."); *Noor v. Gomez*, Civ. A. No. SA-08-CA-319-XR, 2008 WL 2462982, at *3 ("[A]s to Petitioner's argument that Respondents have no authority to detain him, statutory law maintains just the opposite. 8 U.S.C. § 1231(a)(2) says 'during the removal period, the Attorney General shall detain the alien.' Short of considering the merits of Petitioner's removal arguments, which this Court lacks jurisdiction to do, the Court finds no authority for challenging Respondents' detention of Petitioner at this time."); *Okpoju v. Ridge*, No. 3-03-CV-1233BD(M), 2003 WL 22474587, at *1

(N.D. Tex. 2003) ("[P]etitioner is now subject to a final order of removal and must be detained during the removal period." (citing 8 U.S.C. § 1231(a)(2)).

The length of Massaquoi's previous detention is irrelevant to the government's authority to detain him under § 1231. When Massaquoi filed his petition for writ of habeas corpus, he was not subject to any final removal order; the previous order had been vacated. His detention was authorized by 8 U.S.C. § 1226(c), which requires detention of "any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2)." *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that § 1226(c) does not violate the Fifth Amendment). Massaquoi contends that the previous removal order started the *Zadvydas* clock. Courts have repeatedly held, however, that the 90-day period begins anew with any event, such as a final removal order, that starts the removal period under § 1231(a)(1)(B). *See, e.g., Joseph v. Chertoff*, Civ. A. No. 06-0520, 2006 WL 1722593, at *3–4 (D.N.J. June 19, 2006) ("The only sensible reading of [§ 1231] is that [the government] is required to effectuate the removal within 90 days of certain events, but will have another 90 days if another one of the designated events occurs at a later date.") (quoting *Michel v. INS*, 119 F. Supp. 2d 485, 498 (M.D. Pa. 2000), and citing additional authority) (brackets and ellipses omitted). These decisions reflect that the government can only deport an alien once it has authority to do so. *See, e.g., id.*

Moreover, the government is not automatically required to release Massaquoi if it does not deport him before the end of the 90-day period. Under § 1231(a)(6), an alien "may be detained beyond the removal period." *Id.* § 1231(a)(6). There are limits. In *Zadvydas*, the Surpeme Court held that subsection (a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States" and does not "permit indefinite

detention." 533 U.S. at 689. The Court identified six months as a "presumptively reasonable" period of detention. *Id.* at 701; *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005). Since *Zadvydas*, courts have held that a detainee cannot challenge his detention under *Zadvydas* until the six-month period expires. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002); *Okpuju v. Ridge*, 114 F. App'x 302, 2004 WL 2944629, at *1 (5th Cir. Dec. 20, 2004) (per curiam) (unpublished); *Meighan v. Chertoff*, Civ. A. No. H-08-1222, 2008 WL 1995374, at *2).[2]

Massaquoi cannot seek habeas relief until he has been detained six months after the removal period expires. Until then, Massaquoi is limited to the administrative procedures set out in 8 C.F.R. §§ 314.4, 314.31.

### III. Conclusion

Massaquoi's petition for writ of habeas corpus is denied. An order of dismissal is separately entered.

SIGNED on May 9, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] Even if the six-month *Zadvydas* period has elapsed, this court must dismiss the petition for writ of habeas corpus because Massaquoi has not "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 553 U.S. at 701.